# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| | : |
| TONY NYUYEN VU | : |
|     DEBTOR(S) | : BANKRUPTCY NO. 13-11482 SR |
| | |
| JENNY GIP | : |
|     PLAINTIFF | : |
| VS. | : |
| TONY NYUYEN VU | : |
|     DEFENDANT | : ADVS NO. 13-286 |

## OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

Before the Court is the Debtor's Motion to Dismiss Count I of this adversary proceeding. The Plaintiff opposes the motion. A hearing on the matter was held on July 3, 2013 after which the Court took the matter under advisement. For the reasons which follow, the motion will be denied.

*Background*

The Plaintiff is the Debtor's ex-wife. She filed a three count complaint against the Debtor seeking equitable and declaratory relief. Count I seeks the imposition of a constructive trust; Count II requests a declaration that her claim be deemed non-dischargeable as it arose out of the Debtor's actual fraud (11 U.S.C. § 523(a)(2)); and Count III likewise requests a similar declaration but is based on the fiduciary fraud provision of the same subsection (11 U.S.C. § 523(a)(4)). This motion seeks dismissal

of only the first count.

*Legal Standard*

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2008)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.2009) (explaining that pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss).  The Supreme Court explained that although factual allegations are to be accepted as true for purposes of legal sufficiency, the same does not apply to legal conclusions; therefore, the factual allegations must sufficiently support the legal claims asserted*. Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1950. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555); *see also Fowler*, 578 F.3d at 210; and *Phillips v. County of Allegheny*, 515 F.3d 224, 231-232 (3d Cir.2008).

*Allegations*

On November 22, 2010, the Debtor obtained a loan of $90,000 from the Plaintiff. Complaint ¶ 6.  The funds were intended for the purchase of commercial real estate.  *Id*. When he received the funds, Debtor gave Plaintiff a promissory note.  *Id*. ¶ 7; *see also* Amended Complaint, Ex. A.  Plaintiff requested that she be part owner of the real estate

2

but was dissuaded by Defendant. *Id.* ¶8. According to Plaintiff, Defendant told her that it would not be "legally advisable" for Plaintiff to be listed on the title because she was a participant in unrelated litigation. *Id.* ¶ 9. However, Defendant promised to put her name on the deed after she was released from the pending lawsuit. *Id.* ¶ 10.

On November 29, 2010 Defendant commenced a divorce proceeding against Plaintiff. *Id.*¶ 15. Defendant advised Plaintiff not to assert any right to the real estate which he purchased with the money borrowed from her. *Id.* ¶ 17. Because plaintiff did not assert her equitable distribution rights, she did not receive the 50% interest in the real estate to which she was otherwise entitled. *Id.* ¶¶ 21,22.

*Analysis*

Although Plaintiff has styled Count I as a claim for a constructive trust, she argues at the same time that the Debtor is guilty of unjust enrichment. This is not surprising as the two legal theories are complementary. Under Pennsylvania law, "[a] constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be *unjustly enriched* if he were permitted to retain it." *Kern v. Kern,* 892 A.2d 1, 8 (Pa.Super.2005) (emphasis added). The elements of an unjust enrichment claim are benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. *Stoeckinger v. Presidential Fin. Corp. of Delaware Valley*, 948 A.2d 828, 833 (Pa.Super.2008). A constructive trust is not really a trust at all but rather an equitable remedy. *Buchanan v. Brentwood Savings and Loan Ass'n,* 457 Pa. 135, 150, 320 A.2d 117, 126 (1974). Like all

3

remedies in equity, it is flexible and adaptable. *Id.* Generally, an equitable duty to convey property to another arises only in the presence of fraud, duress, undue influence, mistake, or abuse of a confidential relationship. There is, however, no rigid standard for determining whether the facts of a particular case require a court of equity to impose a constructive trust; the test is merely whether unjust enrichment can be avoided. *Koffman v. Smith,* 453 Pa.Super. 15, 32, 682 A.2d 1282, 1291 (Pa.Super.1996).

*Analysis*

The Debtor argues that the Complaint does not state an unjust enrichment claim because it is based on a writing: a promissory note.  The Court disagrees.  The Court finds that the claims for unjust enrichment and resulting constructive trust are based not on a document but on Debtor's conduct.  It is alleged that Debtor obtained the real estate with money borrowed from the Plaintiff; that Plaintiff would have been a co-owner of the real estate had Debtor not actively dissuaded her to do otherwise; and that when Plaintiff might have pressed her marital rights to the real estate, Plaintiff once again wrongly convinced her not to.  The alleged misrepresentations of the Debtor may have been plausible to the Plaintiff, and her reliance on the alleged misrepresentations cannot at this point be said to be unreasonable.  In the light most favorable to the Plaintiff, the alleged result is that Debtor enriched himself at his ex-wife's expense in such a way as to constitute fraud giving rise to a constructive trust.  Alternatively, proof of the same allegations would arguably constitute an abuse of a confidential relationship. i.e, that of husband and wife.  *See Butler v. Butler,* 464 Pa. 522, 528, 347 A.2d 477, 480 (1975) (recognizing that although the presumption as to confidentiality as

4

between spouses has been abolished, the marital relationship may give rise to a confidential relationship depending on the facts of each case).  Either way, the complaint sufficiently alleges that the Debtor has unjustly enriched himself at Plaintiff's expense.  The corollary to that finding is that the request for the imposition of a constructive trust would be appropriate.

*Summary*

   Based on these allegations, the Court finds that Count I states a cause of action for a constructive trust/unjust enrichment.  The motion to dismiss, therefore, will be denied.

   An appropriate order follows.

                     By the Court:

                     _____
                     Stephen Raslavich
                     United States Bankruptcy Judge

Dated:  July 10, 2013